IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER BEERS )<br>   Petitioner, )<br>)<br>vs. )<br>)<br>JOSEPH PIAZZA )<br>   Respondent. ) | C.A. No. 05-247 ERIE |

## MEMORANDUM ORDER

### Procedural History

On August 29, 2005, Petitioner, a state prisoner appearing *pro se*, filed the instant petition for writ of habeas corpus. This matter was assigned to United States District Judge Sean J. McLaughlin and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

On August 24, 2006, Magistrate Judge Baxter issued a Report and Recommendation recommending that the petition be dismissed as untimely under the AEDPA. Document # 33.

Petitioner twice requested extensions of time in which to file his Objections to the Report and Recommendation. Both requests were granted and Petitioner's Objections were due on October 13, 2006. No timely Objections were filed. By Order dated October 19, 2006, the undersigned adopted the Report and Recommendation as the opinion of this Court.

Later that same day, Plaintiff filed Objections to the Report and Recommendation. Document # 39. In the interests of fairness, the undersigned reopened this matter in order to

review and address the Objections.

### *De Novo* Review

In the Report and Recommendation, Magistrate Judge Baxter concluded that the petition had been filed beyond the one-year statute of limitations mandated by AEDPA. Specifically, Magistrate Judge Baxter found that Petitioner had one year from the conclusion of his collateral attack, or in other words one year from June 2, 2004 (the date on which the Pennsylvania Supreme Court denied the petition for allowance of appeal), in which to file his habeas petition in federal district court.  Because the instant action was filed on August 29, 2005, it was beyond the one-year statute of limitations time period and Magistrate Judge Baxter recommended that the petition be dismissed as untimely.  In a footnote, Magistrate Judge Baxter opined

> Importantly in this case, Petitioner did not have the additional benefit of the ninety days during which a state prisoner may file a certiorari petition in the United States Supreme Court from the state supreme court's denial of a PCRA petition.  Lacava v. Kyler, 398 F.3d 271, 274 (3d Cir. 2005); Stokes v. Dist. Attorney of County of Philadelphia, 247 F.3d 539, 542 (3d Cir.2001) (time during which state prisoner may file certiorari petition in the United States Supreme Court from denial of state post-conviction petition does not toll statute of limitations).  See also Day v. McDonough, ___ U.S. ___, 2006 WL 1071440 (April 26, 2006).

Document # 33.

In his Objections to the Report and Recommendation, Petitioner argues that his petition is not time-barred in that he should have had the benefit of the additional ninety days during which he could have filed a petition for writ of certiorari to the United States Supreme Court from the denial of his petition for allocatur by the state supreme court.  In support of his argument, Petitioner cites the Sixth Circuit's decision in Abela v. Martin, 348 F.3d 164 (6th Cir.

2

2003)(en banc) (suspending the limitations clock during post-conviction review, but acknowledging that the Third Circuit and numerous other circuit courts disagree).

The case law within this Circuit, as cited by the Magistrate Judge, is clear on this issue: "we hold that the ninety day period during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one-year limitations period set fort at 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 543 (3d Cir. 2001), cert. denied, 534 U.S. 959 (2001). The Sixth Circuit's contrary rule as announced in Abela does not control here. The U.S. Supreme Court has recently granted certiorari to resolve the present split of authority on this precise issue. See Lawrence v. Florida, 421 F.3d 1221 (11th Cir. 2005), cert. granted, ___ U.S. ___, 126 S.Ct. 1625 (March 27, 2006). However, as the law presently stands within this Circuit, the instant petition is time-barred under AEDPA. This Court declines Petitioner's request to hold this case in abeyance until the Supreme Court issues a decision in Lawrence v. Florida.

Petitioner also requests that the U.S. Marshal Service be ordered to return $24.00 which this Court ordered he pay for service fees. Such relief is denied as in forma pauperis status does not equate with a waiver of service fees. All litigants, regardless of their payment status, must pay service fees to the U.S. Marshal Service.

Section 102 of the AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Where the

3

federal district court has rejected a constitutional claim on its merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong..." Szuchon v. Lehman, 273 F.3d 299, 312 (3d Cir. 2001) quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000). A petitioner meets this standard if he can show that the issue "is debatable among jurists, or that a court could resolve the issue differently, or that the question deserves further proceedings." McCracken v. Gibson, 268 F.3d 970, 984 (10th Cir. 2001). Because Petitioner has not made such a showing, a certificate of appealability should be denied.

AND NOW, this 25th day of October, 2006;

Following a *de novo* review of the record in this case, IT IS HEREBY ORDERED that the Report and Recommendation by Magistrate Judge Baxter is adopted as the opinion of this Court. Judgment is to be granted in favor of Respondents.

IT IS FURTHER ORDERED that the Clerk of Courts close this case.

        S/ Sean J. McLaughlin
        United States District Judge

cm: All parties of record
    Susan Paradise Baxter, U.S. Magistrate Judge